IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**DEBRA DEAN**,
individually and on behalf of
all those similarly situated,

          Plaintiff,

   vs.

**KATES DETECTIVE & SECURITY SERVICES
AGENCY AND SPECIAL EVENTS SERVICES INC.**,

          Defendant.

Case No.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### INTRODUCTION

1.  This is a collective and class action brought by Individual and Representative Plaintiff Debra Dean on her own behalf and on behalf of the members of the proposed class identified below. Plaintiff was employed as a security officer for Kates Detective & Security Services Agency and Special Events Services, Inc., ("Kates"). Under company policy, Plaintiff and similarly situated employees are required, as part of their job duties, to pick up Kates security vehicles from the Kates main office and drive to customer job sites without compensation. Plaintiff and similarly situated security officers have suffered a wage loss as a result of this policy. Plaintiff and putative class members are similarly situated under Fed. R. Civ. P. 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), as they suffered identical wage losses under this policy.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. The Court has subject matter jurisdiction over the state law claims pursuant to 28. U.S.C. § 1367.

3. Venue is proper in the United States District Court for the Northern District of Illinois because the events giving rise to these claims occurred in this district.

## PARTIES

4. Plaintiff Debra Dean ("Dean") is an adult resident of Chicago, Illinois. Dean was employed as a security officer by Kates from November 2014 to August 2015. Dean's consent form is attached as Exhibit A and incorporated herein.

5. Kates Detective & Security Services Agency and Special Events Services, Inc., is an Illinois domestic corporation located at 7810 S. Claremont Ave., Chicago, Illinois.

6. Kates's registered agent for service is Arnold S. Newman, 18400 Maple Creek Dr., Suite 500, Tinley Park, Illinois.

7. Kates is an enterprise engaged in commerce within the meaning of 29 USC § 203(s)(1).

## FACTUAL ALLEGATIONS

8. Throughout the three years preceding the filing of this complaint, Named Plaintiff and putative class members are or were employed by Defendant as

security officers.

9. Throughout the three year period preceding the filing of this complaint, Named Plaintiff and putative class members were classified by Defendant as non-exempt from overtime wages.

10. Throughout the three year period preceding the filing of this complaint, Named Plaintiff and putative class members were required to pick up security vehicles from Kates's Claremont Avenue, Chicago location and drive those vehicles to the site where a customer has engaged Kates to provide security. Named Plaintiff and putative class members are not compensated until they arrive at the location, and are not compensated for the time at the end of their shift spent returning the vehicle to the Kates office.

11. Named Plaintiff brings this action on behalf of herself and on behalf of other similarly-situated employees, pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly-situated employees is defined as:

> All persons who have been or are employed by Kates Detective & Security Services Agency and Special Events Services, Inc., as a security officer at any time during the past three years and who performed uncompensated work, including work over forty hours a week, because they were required to drive Kates security vehicles between Kates and customer locations without compensation.

12. Named Plaintiff brings this action on behalf of herself and on behalf of all other similarly-situated employees, pursuant to Fed. R. Civ. P. 23. The **Unpaid Wage Class** is defined as:

> All persons who have been or are employed by Kates Detective & Security Services Agency and Special Events

Services, Inc., as a security officer at any time during the past ten years and who were required to drive Kates security vehicles between Kates and customer locations without compensation.

## CLASS ALLEGATIONS

13. Dean brings the Second Claim for Relief on her own behalf and on behalf of the Unpaid Wage Class, as defined in paragraph 11, supra, pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

14. The persons in the Unpaid Wage Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Kates has employed more than one hundred people who satisfy the definition of this Class.

15. There are questions of law and fact common to the Rule 23 Unpaid Wage Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including but not limited to:

   (a) Whether Kates maintained a common practice and policy of unlawfully failing to pay agreed-upon wages to Named Plaintiff and members of the putative classes for time spent transporting Kates security vehicles to and from customer sites;

   (b) Whether Kates maintained a common practice and policy of unlawfully failing to pay overtime to Named Plaintiff and members of the putative classes for time spent transporting Kates security vehicles to and from customer sites;

   (c) The nature and amount of compensable work performed by Named Plaintiff and members of the putative classes;

  (d) The proper measure of damages sustained by Named Plaintiff and members of the putative classes.

16. Dean's claims are typical of those of the Unpaid Wage Class. Dean, like other class members, was subjected to Defendant's illegal pay policy and practice resulting in a wage loss, including Kates's policies of refusing to pay regular and overtime wages for compensable time worked in violation of Illinois law.

17. Named Plaintiff's claims are typical of those of the Unpaid Wage Class. Named Plaintiff, like other members of the Unpaid Wage Class, was subjected to Kates's illegal pay policy of refusing to pay regular and overtime wages, in violation of Illinois law.

18. Named Plaintiff will fairly and adequately protect the interests of the Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant, particularly those with relatively small claims.

20. Class certification of the Second Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to the Unpaid Wage Class predominate over any questions affecting only individual members of

5

the Unpaid Wage Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

21. Named Plaintiff intends to send notice to all members of the Unpaid Wage Class to the extent required by Fed. R. Civ. P. 23.

**FIRST CLAIM FOR RELIEF**
**FAILURE TO PAY MINIMUM WAGE AND OVERTIME COMPENSATION IN VIOLATION OF THE FLSA**

22. Named Plaintiff individually and on behalf of the Collective Class alleges and incorporates by reference the allegations in the preceding paragraphs.

23. Named Plaintiff and members of the Collective Class are/were employees of Kates within the meaning of 29 U.S.C. § 203(e).

24. The FLSA requires each covered employer to compensate all non-exempt employees at a rate not less than the federal minimum wage for all hours worked.

25. During the applicable statute of limitations, Named Plaintiff and members of the Collective Class performed work for which they received less than the

federal minimum wage, including time spent driving security vehicles to customer sites.

26. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

27. During the applicable statute of limitations, Named Plaintiff and members of the Collective Class performed work in excess of forty hours per week without receiving overtime compensation, including time spent driving security vehicles to and from customer sites.

28. These practices violate the FLSA, including, but not limited to, 29 U.S.C. §§ 206, 207. Because of these violations, Named Plaintiff and members of the Collective Class have suffered a wage loss.

29. Kates knew or showed reckless disregard for the fact that it failed to pay Named Plaintiff and members of the Collective Class overtime and minimum wage compensation in violation of the FLSA.

SECOND CLAIM FOR RELIEF
VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

30. Named Plaintiff reasserts and re-alleges the allegations set forth above.

31. At all relevant times herein, Named Plaintiff and the Unpaid Wage Class have been entitled to the rights, protections, and benefits provided under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.*

32. The IMWL regulates, among other things, the payment of minimum

wages and overtime by employers, subject to limited exemptions not applicable herein. 820 ILCS § 105/4a.

33. During all times relevant to this action, Kates was the "employer" of Named Plaintiff and the Unpaid Wage Class within the meaning of 820 ILCS §§ 105/3(c) and (d).

34. During all times relevant to this action, Named Plaintiff and the Unpaid Wage Class were Kates's "employees" within the meaning of 820 ILCS § 105/3(d).

35. During all times relevant to this action, Named Plaintiff and the Unpaid Wage Class were non-exempt from Illinois overtime obligations, per 820 ILCS § 105/3(d).

36. Pursuant to 820 ILCS § 105/4a(1), employees are entitled to be compensated for all hours worked and at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty hours in a workweek.

37. During the applicable statute of limitations, Named Plaintiff and members of the Unpaid Wage Class performed work without receiving regular wages, and performed work in excess of forty hours per week without receiving overtime compensation, including time spent driving security vehicles to customer sites.

38. These practices violate the IMWL by refusing and failing to pay Named Plaintiff and members of the Unpaid Wage Class regular and overtime wages required under the IMWL law, including, but not limited to, 820 ILCS §

8

105/4(a)(1). In the course of perpetrating these unlawful practices, Kates has also failed to keep accurate records of the hours worked each day and each workweek by its employees as required by 820 ILCS § 105/8.

39. Named Plaintiff and members of the Unpaid Wage Class were all subject to this uniform and employer-based compensation policy. On information and belief, this uniform policy, in violation of the IMWL, has been applied, and continues to be applied, to all Unpaid Wage Class members.

40. Named Plaintiff and the Unpaid Wage Class are entitled to damages equal to all unpaid regular and overtime wages due within three years preceding the filing of this complaint per 820 ILCS § 105/12(a).

41. Named Plaintiff and the Unpaid Wage Class are entitled to damages equal to two percent (2%) of the amount of any such underpayments for each month following the date of payment during which underpayments remain unpaid pursuant to 820 ILCS § 105/12(a).

42. Named Plaintiff and the Unpaid Wage Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

43. Kates is liable pursuant to 820 ILCS § 105/12(a) for any costs and reasonable attorneys' fees incurred by Named Plaintiff in this action.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

44. Named Plaintiff reasserts and re-alleges the allegations set forth above.

45. At all relevant times herein, Named Plaintiff and the Unpaid Wage

9

Class have been entitled to the rights, protections, and benefits provided under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1 *et seq.*

46. The IWPCA regulates, among other things, the payment of all wage earned by employers, subject to limited exemptions not applicable herein. 820 ILCS § 115/3.

47. During all times relevant to this action, Kates was the "employer" of Named Plaintiff and the Unpaid Wage Class within the meaning of 820 ILCS § 115/2.

48. During all times relevant to this action, Named Plaintiff and the Unpaid Wage Class were Kates's "employees" within the meaning of 820 ILCS § 115/2.

49. Pursuant to 820 ILCS 115/3, employers are required to pay every employee all wages earned during a semi-monthly pay period.

50. During the applicable statute of limitations, Named Plaintiff and members of the Unpaid Wage Class had an agreement and understanding with Kates to be paid their agreed upon hourly rate for every hour worked.

51. During the applicable statute of limitations, Named Plaintiff and members of the Unpaid Wage Class performed work, including time spent driving security vehicles to customer sites, without receiving the agreed-upon hourly pay.

52. These practices violate the IWPCA by refusing and failing to pay Named Plaintiff and members of the Unpaid Wage Class their agreed-upon hourly rate of pay for all hours worked as required under the IWPCA, including, but not

limited to, 820 ILCS § 115/3.

53. Named Plaintiff and members of the Unpaid Wage Class were all subject to this uniform and employer-based compensation policy. On information and belief, this uniform policy, in violation of the IWPCA, has been applied, and continues to be applied, to all Unpaid Wage Class members.

54. Named Plaintiff and the Unpaid Wage Class are entitled to damages equal to all unpaid regular and overtime wages due within ten years preceding the filing of this complaint per 820 ILCS § 115/14(a).

55. Named Plaintiff and the Unpaid Wage Class are entitled to damages equal to two percent (2%) of the amount of any such underpayments for each month following the date of payment during which underpayments remain unpaid pursuant to 820 ILCS § 115/14(a).

56. Named Plaintiff and the Unpaid Wage Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

57. Kates is liable pursuant to 820 ILCS § 115/14(a) for any costs and reasonable attorneys' fees incurred by Named Plaintiff in this action.

## REQUEST FOR RELIEF

WHEREFORE, Named Plaintiff, on her behalf and on behalf of all members of the Collective Class and the Unpaid Wage Class requests the following relief:

A. An order designating this action as a collective action on behalf of the Collective Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

B.  An order certifying this action as a class action on behalf of the proposed Unpaid Wage Class pursuant to Fed. R. Civ. P. 23;

C.  An order designating Debra Dean as Named Plaintiff and as representative of the Unpaid Wage Class set forth herein;

D.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E.  An order finding that Defendant Kates violated the FLSA;

F.  An order finding that these violations were willful;

G.  Judgment against Kates in the amount equal to Named Plaintiff's and the Collective Class's unpaid back regular and overtime wages;

H.  An award in the amount of all liquidated damages and penalties as provided under 29 U.S.C. § 216(b) and 820 ILCS § 105/12(a);

I.  Pre-judgment and post-judgment interest as provided by law;

J.  An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims pursuant to 29 U.S.C. § 216(b); and

K.  Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Named Plaintiff demands a trial by jury.

Respectfully submitted this 25th day of September, 2015.

Attorneys for the Plaintiff

By: s/Douglas M. Werman

**WERMAN SALAS P.C.**
Douglas M. Werman
Email: dwerman@flsalaw.com
77 W. Washington, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008
Facsimile: (312) 419-1025

**HAWKS QUINDEL, S.C.**
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
*Pro hac vice* application forthcoming
Caitlin M. Madden, State Bar No. 1089238
Email: cmadden@hq-law.com
*Pro hac vice* application forthcoming
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236